UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK CUSTODERO, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>                Defendant. | Civil Action No.<br>5:20-CV-1320 MAD/ATB |

**JOINT MOTION TO STAY PROCEEDINGS**

Plaintiff Frank Custodero and Defendant Apple Inc. ("Apple")[1] hereby jointly move the Court for an order staying this action pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on Apple's Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Centralized Pretrial Proceedings (the "Transfer Motion"). In further support of this Motion, Plaintiff and Apple state as follows:

    1.    Plaintiff commenced this action by filing a Complaint in this Court on October 22, 2020.

    2.    Plaintiff's counsel have commenced five other similar actions in different U.S. district courts.

    3.    On December 31, 2020, Apple filed the Transfer Motion requesting that the JPML transfer this action and five other actions to the United States District Court for the Northern

---

[1] Apple expressly reserves, and does not waive, all rights and defenses, including but not limited to those based on jurisdiction, venue, standing, applicable arbitration agreements and/or class action waivers, and failure to state a claim upon which relief may be granted.

District of California for coordinated pretrial proceedings. Plaintiff agrees to the request to coordinate.

4.  In light of the pendency of the Transfer Motion, the parties request that this Court stay this action until at least 30 days following entry of an order on that motion. Doing so would serve the interests of efficiency and judicial economy. If the actions are transferred to a single court, as the parties are requesting, then a single court, rather than multiple courts, can decide issues common to the actions. Coordination would also reduce the risk of inconsistent rulings.

5.  A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This Court has found that a stay of pretrial proceedings pending a decision from the JPML regarding transfer to be in "the best interest of the courts, non-parties, and the public because it promotes the efficient use of judicial resources and minimizes the possibility of conflicts between different courts." *City of Amsterdam v. Purdue Pharma L.P.*, 2019 WL 5102564, at *3 (N.D.N.Y. Oct. 11, 2019) (Agostino, J.) (internal marks and citation omitted) (granting defendants' request to stay).

**WHEREFORE**, the parties respectfully request that the Court stay this action pending the JPML's ruling on the Transfer Motion.

Respectfully submitted this 26th day of January 2021.

/s/ John E. Norris
One of the Attorneys for Plaintiff

OF COUNSEL:

DAVIS & NORRIS, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, AL 35205
Telephone: (205) 930-9900
Facsimile: (205) 930-9989

/s/ Robert J. Alessi
One of the Attorneys for Defendant Apple Inc.

OF COUNSEL:

DLA PIPER LLP (US)
67 Broadway, Suite 1205
Albany, New York 12207-2996
Telephone: (212) 335-4866
Facsimile: (518) 935-9767
robert.alessi@us.dlapiper.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2021, I filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

Respectfully Submitted,

*/s/ Robert J. Alessi*
Of Counsel